IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-00033-F-1
No. 7:12-CV-00267-F

| | |
|---|---|
| ZACHARY GORE,<br>          Petitioner, | )<br>)<br>) |
| v. | )    **O R D E R** |
| UNITED STATES OF AMERICA,<br>          Respondent. | )<br>)<br>) |

This matter is before the court on Zachary Gore's Motion to Reconsider [DE-42]. The Government has filed a Response [DE-51]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, Gore's Motion to Reconsider is ALLOWED.

**Factual and Procedural Background**

On September 13, 2012, Gore filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-27]. In his § 2255 motion, Gore argued, *inter alia*, that his attorney provided ineffective assistance of counsel by failing to challenge the court for enhancing his sentence pursuant to U.S.S.G. § 2D1.1(b)(12). On December 5, 2012, the Government filed a Motion to Dismiss [DE-34] Gore's § 2255 motion. In an order entered on October 7, 2013 [DE-40], the court dismissed Gore's § 2255 motion, dismissed his motion to supplement with new authority, and denied him a certificate of appealability.

Gore filed the instant Motion to Reconsider [DE-42] on October 16, 2013, arguing that this court committed error in finding that his attorney did not provide ineffective assistance of counsel by failing to object to the enhancement of his sentence pursuant to U.S.S.G. § 2D1.1(b)(12) because it violated the Ex Post Facto Clause. On September 2, 2014, the

Government filed a Response in which it agrees that Gore's judgment should be vacated and that he should be re-sentenced under the 2007 Sentencing Guidelines and the May 1, 2008 Supplement to those Guidelines.

## Discussion

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a court may "alter or amend the judgment" if the movant shows: (1) there has been an intervening change in the controlling law, (2) there is new evidence that was not available at trial, or (3) there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010); *see Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994). Rule 59(e) allows the district court to correct its own errors so as to spare the parties and the appellate courts the burden of unnecessary appeals. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion under Rule 59(e) "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Moreover, a Rule 59(e) motion should not serve as an opportunity to rehash issues already resolved by the court. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). The reconsideration of a court's judgment under Rule 59(e) is an extraordinary remedy, and as such, it should be applied sparingly. *Pac. Ins. Co.*, 148 F.3d at 403.

Gore's relevant conduct concluded on May 7, 2008. The 2007 U.S. Sentencing Commission Guidelines, including the Supplement effective May 1, 2008, was the manual in effect at the time of the offense. Because U.S.S.G. § 2D1.1(b)(12) was not added until the 2010 Supplement, it should not have been used to enhance Gore's sentence.

2

## Conclusion

In light of the foregoing, Gore's Motion to Reconsider [DE-42] is ALLOWED and Gore's November 10, 2011 Judgment of sentence hereby is VACATED. The Clerk of Court is DIRECTED to schedule and notice a re-sentencing hearing for Gore and notify the United States Probation Office to prepare a Revised Presentence Report. A certificate of appealability is DENIED.

SO ORDERED.

This the 4 day of September, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge