IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-33-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ZACHARY GORE | ) | |

This matter is before the court on Defendant Zachary Gore's letter motion [DE-74] requesting copies of sentencing transcripts, resentencing hearing transcripts, and plea agreement. For the reasons stated herein, the motion is DENIED.

Section 753(f) of Title 28 of the United States Code addresses the circumstances under which transcripts or court documents may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). Thus, an indigent defendant may be entitled to court documents at the government's expense if he has stated a proper ground for relief and the documents are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to court documents at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202.

The defendant states that he needs the documents in order to "perfect an appeal in this Court." Letter of August 3, 2015 [DE-74]. However, the Fourth Circuit Court of Appeals just dismissed the defendant's latest appeal and the defendant does not otherwise state how he would appeal. For that reason, the letter motion [DE-74] is DENIED. However, should the defendant wish to refile his motion with further elaboration on why he needs the stated documents, the court will reconsider the motion at that time.

SO ORDERED.

This, the 6th day of August, 2015.

JAMES C. FOX
Senior United States District Judge